**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                    :      Chapter 13
In re:                                              :
                                                    :      Case No. 12-35778 (cgm)
    Joseph V. Cahill and Helen G. Cahill     :
                                                    :
                             Debtor(s).   :
                                                    :
---------------------------------------------------------------X

**MEMORANDUM DECISION ONAPPLICATION TO EMPLOY SPECIAL COUNSEL**

**A P P E A R A N C E S :**

Andrea B. Malin
Genova & Malin
The Hampton Center
1136 Route 9
Wappingers Falls, NY 12590-4332
*Proposed Attorney for Debtors*

Paul J. Hooten
Paul J. Hooten & Associates
5505 Nesconset Highway
Suite 203
Mt. Sinai, NY 11766
*Attorney for American Express*

**CECELIA G. MORRIS**
**Chief United States Bankruptcy Judge**

       Before the Court is the Debtors' application to employ special counsel and after a hearing held on September 13, 2012, and for reasons set forth on record of that hearing and in this Memorandum Decision, the Court grants the Debtors' request.

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012.  This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**Background**

Debtors filed chapter 13 on March 30, 2012, through their general bankruptcy attorney, Lawrence Klein.  Included with the petition, Debtors' counsel filed a "Disclosure of Compensation of Attorney for Debtor," pursuant to section 2016(b) (the "2016(b) Statement"). According to the 2016(b) statement, their counsel accepted $3500 in exchange for the following services: "[a]nalysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;" "[p]reparation and filing of any petition, schedules, statement of affairs, and plan which may be required;" and "[r]epresentation of the debtor at the meeting of creditors and confirmation hearing and any adjourned hearings thereof." Discl. Comp. Atty, Mar. 30, 2012, ECF No. 1.  The 2016(b) Statement also indicated that the $3500 flat fee did not include the following services: "[r]epresentation of the debtor(s) in any proceedings related to discharge or dischargability;" "[l]itigation and appeals, including lien avoidances;" "[r]elief from stay motions or any other adversary proceeding or contested matter or rule 2004 examinations." *Id.*

On April 12, 2012, the Debtors filed their chapter 13 plan.  On June 18, 2012, American Express Travel Related Services Company, Inc., American Express Bank, FSB and American Express Centurion Bank (collectively "American Express") objected to the confirmation of the Debtors' plan, arguing that the Debtors did not include all of their projected disposable income.

2

American Express' objection is a complicated one in which it questions the specific amounts that Debtors have listed on their schedules I & J. Among other thing, American Express disputes the fact that the Debtors' are claiming an interest in a second parcel of real property as an expense; it objects to the amount of Debtors' proposed plan payments based on an alleged satisfaction of a 401(k) and vehicle loans; and it argues that the Debtors have reported "several impermissible and excessive expenses," which should be stricken or reduced.

On August 16, 2012, Genova & Malin filed an application for an order approving employment of special counsel for the Debtors, pursuant to section 327(e). According to the application, Genova & Malin are being retained to represent the Debtors with regards to American Express' objection to confirmation and will perform the following services: provide the debtors with legal advice with respect to the objection to confirmation; represent the debtors at all Court hearings and other appearances with regard to the prosecution and defense of the objection to confirmation; prepare all necessary documents and papers in defense of the objection; and perform all other legal services for your applicants as debtors, which may be necessary.

According to Ms. Malin's affidavit, the Debtors have paid her $2500 as an initial retainer and time spent on the objection to confirmation will be charged pursuant to the retainer agreement. Her standard charges are: $350 per hour for partners; $220 per hour for associates; $150 per hour for senior paralegals; $100 per hour for paralegals; and $25 per hour for secretarial services.

American Express objected to Genova & Malin's application for retention motion, arguing that the Debtors paid their general bankruptcy counsel $3500 to represent them and that he is still their counsel of record. It also objects on the grounds that the Debtors paid Ms. Malin

$2500—presumably from property of the estate—to represent them on this matter and that she will bill from property of the estate going forward. American Express argues that such an arrangement reduces dividends to creditors and should not be paid out of estate funds.

American Express also argues that section 327(e) may only be used by a trustee or debtor-in-possession and is inapplicable to debtors in chapter 13 cases; that defending an objection to confirmation based on failure to devote disposable income is not in the best interests of the estate; that employing special counsel is detrimental to the general unsecured creditors; and that granting the application will unfairly prejudice American Express because additional monies paid into the Plan will be consumed by special counsel fees.

The Court held a hearing on September 13, 2012 to consider the application and objection and granted the application to employ special counsel upon record of that hearing.

## Discussion

In *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998), the Second Circuit held that "a Chapter 13, debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action . . . ." The Second Circuit went on to note that "[t]he reality . . . under Chapter 13 is that the debtors are the true representatives of the estate and should be given the broad latitude essential to control the progress of their case." *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) (quoting *In re Freeman*, 72 B.R. 850, 854 (Bankr. E.D. Va. 1987)). The chapter 13 debtor's responsibility in litigating causes of action extends to engaging special counsel. *In re Bowker*, 245 B.R. 192, 200 (Bankr. D. N.J. 2000).

Here, Genova & Malin sought appointment under section 327(e) of the Bankruptcy Code and both parties have focused on section 327(e) in their arguments. This section is not on point in this case. Courts have held that the word "trustee" in section 327(e) includes a chapter 13

4

debtor if he is in possession of a non-bankruptcy cause of action. *In re Goines*, 465 B.R. 704, 706-07 (Bankr. N.D. Ga. 2012). Section 327 is not a requirement that must be met before a chapter 13 debtor may hire counsel in chapter 13 cases for work to be performed as part of the bankruptcy proceeding. Rather, a chapter 13 debtor has the right to employ counsel so long as the following two requirements are met: 1) the need to disclose compensation paid or agreed to be paid pursuant to section 329 and 2) the need for approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B). *See In re Berg*, 356 B.R. 378, 380 (Bankr. E.D.Pa. 2006); *see also In re Butts*, 2010 WL 3369138, at *1 (Bankr. D. Mass. 2010) ("Nothing in the Bankruptcy Code… precludes a Chapter 13 debtor from retaining successor counsel, special counsel, or even co-counsel, with the fees of such counsel, which are paid out of property of the estate, being subject to review and approval by the court.").

American Express' arguments about special counsel "running up fees" or using up funds of the unsecured creditors is not persuasive. Although Genova & Malin have collected a retainer from the Debtor, they are required to disclose those fees and have those fees and any subsequent fees reviewed by this Court under section 330 for reasonableness.

According to section 330(a)(4)(B), "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4); *In re Butts*, 2010 WL 3369138, at *1. Section330(a)(4)(b) "directs a court to focus on the welfare of the debtor, not the estate, in determining reasonable compensation. It is that standard which acts as a restraint of sorts by ensuring that Chapter 13 debtor's counsel does not run up excessive fees in pursu[it] of frivolous

5

12-35778-cgm    Doc 33    Filed 09/25/12    Entered 09/25/12 16:00:25    Main Document
                                            Pg 6 of 6

claims and it is the standard by which the work of the Debtor's general bankruptcy counsel and special counsel will be evaluated." *In re Butts*, 2010 WL 3369138, at *1.

If the Court finds that the fees charges by Genova & Malin are excessive, it can reduce them. This result is no different than if the Debtors' general bankruptcy counsel prosecuted this cause of action. He would also be permitted to file an application under section 330 seeking approval of fees to be paid through the chapter 13 plan.

Debtors' general bankruptcy counsel's 2016(b) statement expressly states what is and is not covered by his $3500 "flat fee." In this district, there is no local rule regarding what services must be included in the flat fee and this Court allows attorneys to charge additional fees for objections to confirmation, especially in cases, like this one, that are particularly complicated. Services that are not considered "typical" may be properly excluded from the flat fee so long as the client receives proper notice of what is and is not included. *In re Smith*, 331 B.R. 622, 629 (Bankr. M.D. Pa. 2005).

This Court will be able to review Genova & Malin's fees for reasonableness upon the filing of an application under 330 and therefore there is no risk to the estate that the fee will be excessive. Genova & Malin has decided to take on this employment despite the risk that its fees, including the $2500 retainer, may be allowed or cancelled upon order of this Court.

## Conclusion

For the foregoing reasons, the application to employ special counsel is granted. Genova & Malin is directed to file a 2016(b) statement and all fees shall be reviewable under section 330(a)(4)(B). Genova & Malin may submit an order consistent with this decision.

Dated: Poughkeepsie, New York
      September 25, 2012         /s/ Cecelia G. Morris
                                       CECELIA G. MORRIS
                                       UNITED STATES BANKRUPTCY JUDGE